MANUEL LÓPEZ MEJÍAS, ETC., ET AL., Plaintiffs and Appellants, v. EDUARDO GIFFORD ET AL., Defendants and Appellees.

No. 640.     Decided November 26, 1963.

*Práxedes Álvarez Leandri* for appellants. *Rivera Zayas, Rivera Cestero & Rúa,* and *C. A. Romero Barceló* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

The Superior Court, Caguas Part, refused to grant compensation for the damages suffered by minor Manuel López Rosaly and by his father Manuel López Mejías as a result of the minor having been bitten by a dog belonging to Eduardo Gifford, local manager of Puerto Rico Tobacco Marketing Cooperative Association.

█ After a trial on the merits of the action the trial court made the following findings of fact:

"1.—On June 7, 1960 and in the afternoon plaintiff minor Manuel López Rosaly was bitten by a police dog called Iván belonging to Eduardo Gifford, who at that time was local manager of codefendant Tobacco Marketing, in the city of Caguas.

"2.—Said dog was a tamed animal—and when it bit the child—it was locked in a terrace on the second floor of codefendant's Tobacco Marketing building, in Caguas. Said terrace was protected by a concrete fence which separated it from a hall which served as direct entrance from the first floor of the building passing through a door which in turn was closed with a crossbar. (See—defendants' exhibits 3, 5, 6 and 7.)

"3.—The dog belonged to Eduardo Gifford and the latter used the animal for his personal capacity although the Tobacco Marketing permitted him to keep it in its building.

"4.—The day of the accident plaintiff minor entered codefendant's property with his friend, Gabriel Antonio Vázquez (in whose house he was lodged), for the purpose of playing with the tobacco bundles. Both entered the building, went upstairs, opened the door, reached the hall which led to the terrace where the dog was kept and through the concrete fence (that which separates the hall from the terrace) plaintiff minor tried to pet the dog. It barked but plaintiff minor got closer and tried to take its face with both hands. It was at that moment that he was bitten, but the dog always remained on its side of the fence.

"5.—Plaintiff minor was 12 years old at the time in which the accident occurred, he had already passed his seventh grade

and by his way of testifying and his reactions during the trial, he appeared to be a smart boy with normal intelligence."

In its conclusions of law the trial court decided that Gifford was not liable pursuant to the provisions of § 1805[1] of the Civil Code, as the possessor of the animal, nor was his employer, because "in this case it was the minor's fault . . . the only person liable for the damages suffered by him," and that not even pursuant to its § 1802 Gifford was liable. It cites the cases of *Troche* v. *Matos*, 52 P.R.R. 271 (1937) and *Serrano* v. *López*, 79 P.R.R. 922 (1957).

Appellants assign the commission of the following errors:

"A. The Superior Court of Puerto Rico, Caguas Part, committed a grave error in deciding, as a question of law, that Eduardo Gifford was not liable pursuant to § 1802 of the Civil Code of Puerto Rico as amended by Act No. 28, approved on June 9, 1956, p. 86.

"B. The Superior Court of Puerto Rico, Caguas Part, committed grave error in deciding, as a question of law that the Puerto Rico Tobacco Marketing Cooperative Association was not liable pursuant to § 1805 of the Civil Code of Puerto Rico (Title 31, § 5144, L.P.R.A.).

"C. The Superior Court of Puerto Rico, Caguas Part, committed grave error in deciding, as a question of fact and law, that the minor was a trespasser.

"D. The Superior Court of Puerto Rico, Caguas Part, committed grave error in charging plaintiff minor with the sole fault and negligence in the accident.

"E. The Superior Court of Puerto Rico, Caguas Part, committed grave error in not applying to the present case the doctrine of common fault included in § 1802 of the Civil Code of Puerto Rico, as amended by Act No. 28, approved on June 9, 1956, p. 86.

---

[1] Section 1805 of the Civil Code states as follows:

"The possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when said animal should escape from him or stray. This liability shall cease only in case the damage should arise from force majeure or from the fault of the person who may have suffered it."

"F. The Superior Court of Puerto Rico, Caguas Part, committed grave error in the weighing of the evidence."

[2] None of the errors were committed. We find it unnecessary to study and argue each assignment individually. From the concurring circumstances in this lamentable and unfortunate case no legal liability can arise at law, to no extent whatsoever, against Gifford, and much less against his employer.

■ All the findings of fact are supported by the evidence presented, which in our judgment was correctly weighed.

We said in the above-mentioned case of *Troche* v. *Matos*, insofar as pertinent at p. 274:

"We are convinced that the act of the boy in this case, in putting his arm unlawfully within the premises of the defendant for the unlawful purpose of appropriating certain fruit, was the direct cause of his injury and that this injury may be characterized as having resulted from his fault (*culpa*). In Puerto Rico, the liability of an owner for injuries caused to a third person by his dog is not unlimited. The commentaries to the Spanish Civil Code, supra, must be interpreted in the light of the particular situation involved, with due regard not only to the rights of the injured but to those of the possessor of the animal. We cannot find it expedient or advisable to protect a trespasser where it appears that the owner of the dog kept him within his premises in such a manner that it would have been impossible for the animal to hurt or injure anyone who did not violate the privacy of the close of the defendant."

This is also a case actually governed by the releasing exception provided by the above-cited § 1805.

For the reasons stated the judgment appealed from rendered in civil case No. 60-2250 by the Superior Court, Caguas Part, on November 8, 1961, will be affirmed.